UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN A. BALDI,                    )
                Plaintiff,        )
                                  )
        v.                        )
                                  )   C.A. No.09-10320-DPW
ROBERT S. MUELLER, III, ET AL., )
                Defendants.       )

MEMORANDUM AND ORDER
March 23, 2010

I. INTRODUCTION

Plaintiff John A. Baldi ("Baldi"), a resident of Melrose,

Massachusetts, filed this *Bivens* action[1] alleging violations of

constitutional rights by Robert S. Mueller, III, the Director of

the Federal Bureau of Investigation ("FBI"); several FBI special

agents; and two unknown agents.  He also names as a defendant

Susan M. Bateman, an official court reporter for the United

States District Court for the District of New Hampshire.  Baldi

asserts that all of the defendants have conspired amongst

themselves and/or with other state and federal officials to

violate his civil rights.  He sues each defendant in an

individual capacity.

In essence, Baldi reiterates claims previously raised in a

civil action before Judge Rya W. Zobel.  *See Baldi v. Boston FBI

Agents*, Civil Action No. 07-10361-RWZ.  That action was dismissed

---

[1] *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388
(1971) (establishing a cause of action enabling plaintiffs to
seek judicial relief against federal officers for violations of
constitutional rights).

on April 25, 2007 by Judge Zobel for failure to state cognizable claims in accordance with Fed. R. Civ. P. 8(a).  *See* Memorandum and Order (Docket No. 4).

Although the Complaints are not identical, Baldi reasserts the same basic allegations in this action, and has simply altered the wording, but has not changed the underlying substance of his claims.  In acting on the matters raised in the current matter, I draw upon Judge Zobel's memorandum in the earlier case. Specifically, Baldi asserts that the Boston office of the FBI has a history of conspiring with criminals, as exemplified in the Whitey Bulger matter, and the Judge Fairbanks matter.[2]  Compl. at ¶ 13.  Baldi also alleges the FBI failed to prosecute crimes by high ranking federal and state officials who are said to have been closet homosexuals supplied with minor and non-minor prostitutes by Craig Spence.[3]  *Id.* at ¶ 7.  He claims the failure of the FBI to prosecute, and its assistance in concealing, the

_____

[2] Whitey Bulger is a notorious fugitive and mobster wanted for racketeering, murder, money laundering, conspiracy to commit other crimes.  The late Judge John Fairbanks was a New Hampshire judge and attorney who was sanctioned for extreme misconduct in misappropriation of substantial amounts of monies from clients' funds.  He was criminally indicted, and thereafter became a fugitive, assumed a fake identity, and years later, committed suicide in Las Vegas.  The matter undermined public confidence in the supervision of the state bar and the Professional Conduct Committee, prompting the enactment of legislation to prevent similar misconduct by the release of materials concerning Judge Fairbanks.

[3] In 1989, Craig Spence, a Washington lobbyist, was the subject of a scandal which involved a federal investigation into a homosexual child prostitution ring whose clients included high-level officials in the Reagan and Bush administrations.

criminal acts has "allowed some of the criminal conspirators to advance to the United States Supreme Court, the First Circuit Court of Appeals,  the United States Senate, the United States Attorneys Offices for the Districts of Massachusetts and New Hampshire, as well as various State courts and State offices." *Id.* at ¶ 15.

Baldi claims that on or about August 11, 2008, he went to the Boston FBI Office and provided an unknown male duty agent with copies of a criminal complaint, to be given to certain agents.  Also at some point in 2008 prior to August 11, 2008, Baldi met with an unknown female agent at the FBI Boston Office and provided her with information regarding ongoing and past criminal acts and violations by federal and state officials, as well as a criminal complaint against United States Attorney Michael Sullivan, and United States District Court Judge Richard G. Stearns, alleging violations of his constitutional rights.[4] He claims he was told that the agents were instructed not to investigate judges.

Count One alleges a violation of Baldi's Fifth Amendment property rights to an occupation, namely, the practice of law.[5]

_____

[4] In another case in this Court, Judge Stearns dismissed Plaintiff's challenge to the denial of his admission to the bar, *Baldi v. Barshak*, Civil Action No. 04-12511-RGS.

[5] Baldi is a law school graduate who passed the 2003 Massachusetts Bar examination.  As a result of his involvement in certain civil and criminal matters in New Hampshire and Massachusetts, the Board of Bar Overseers questioned whether he possessed the requisite moral character for admission to the

He seeks $6 million from all defendants except Susan M. Bateman.
He also seeks $10 million from the defendants for violating his
due process rights with respect to real property.[6]  In addition,
Baldi also seeks injunctive relief in the form of a Court Order
to the Boston FBI Office, the United States Attorney for the
District of Massachusetts, and all of the defendants directing
that they cease and desist in the failure to prosecute valid
criminal complaints against federal and state officials, and to
act on his criminal complaints either by prosecution.

Baldi seeks to have this action reassigned to a judge from
the Second Circuit because he claims criminal acts were committed
by judges within the First Circuit and the Districts of

---

Massachusetts bar.  *See Baldi v. Barshak*, Civil Action No. 04-
12511-RGS (dismissal of suit against members of the Board of Bar
Examiners for denial of admission to the Bar); *Baldi v. Supreme
Judicial Court for Suffolk County, et al.*, Civil Action No. 04-
10198-JLT (dismissed for lack of jurisdiction over Baldi's
challenge to proceedings regarding admission to the Bar).

[6] While this real property issue is not entirely clear, a
review of PACER public records indicates that Baldi had
previously filed a civil action in the Superior Court (Merrimack
County) in the State of New Hampshire, which was removed to the
United States District Court for the District of New Hampshire
(Concord).  *See Baldi v. Brown, et al.*, 1:07-cv-00024-SM (removed
January 31, 2007)).  Pleadings in that action reveal that Baldi
has been involved in extensive litigation stemming from his
action in writing a letter to the New Hampshire environmental
officials DES alleging that a Ronald Brown ("Brown") used soil
taken from Baldi's property and used it to fill wetlands
illegally.  Brown thereafter sued Baldi for libel, and an Order
for attachment of Baldi's property was perfected by the county
sheriffs.  Baldi, in turn, sued the sheriffs and numerous others,
alleging, *inter alia*, procedural due process violations, and
cruel and abusive treatment.

Massachusetts and New Hampshire.  Further, he requests that Judge
Zobel be excluded from involvement in this action, and claims
that because she denied him *in forma pauperis* status in his
earlier lawsuit, this could be construed as an affirmative act to
conceal a federal felony.

Baldi paid the $350.00 filing fee for this action and
summonses issued.[7]  Thereafter, Baldi filed several motions which
are pending, including: (1) a Motion for Entry of Default as to
defendant Bateman (Docket No. 5); (2) a Motion for an Order to
Compel the United States Marshal to serve defendants (Docket No.
6); and (3) a Motion for Recusal and Motion to Change Venue
(Docket NO. 9).  I first address the threshold question raised by
the motion for recusal and venue change before addressing the
various shortcomings in plaintiff's case and ultimately
dismissing the matter.

## II. DISCUSSION

A.   <u>The Motion for Recusal and for Change of Venue</u>

Baldi seeks my recusal in this action and a change of venue
to what he terms the "Second Circuit District Court in Hartford,
Connecticut" and for any appeals to be heard by the Second
Circuit Court of Appeals.  The grounds for this motion are that
each and every judge on the First Circuit Court of Appeals is a

---

[7] Because Baldi was not appearing *in forma pauperis*, this
action was not initially subject to the statutory screening
requirements pursuant to 28 U.S.C. § 1915(e).

potential witness, as are all the judges and United States
Attorneys within the Districts of Massachusetts and New
Hampshire.  Because I fall in this class and apparently because
he has mistaken me for Judge Woodcock of the District of Maine, a
member - as I am not - of the Judicial Council for the First
Circuit, he seeks my recusal specifically.  I find that Baldi's
request for recusal and/or a change of venue to be without
foundation.  Mere assignment to perform judicial duties within a
regional circuit in which a plaintiff's earlier judicial
initiatives, before other judges, have proved unsuccessful is an
inadequate basis for recusal.  Accordingly, his Motion for
Recusal and for Change of Venue (Docket No. 9) is DENIED.

     B.   <u>The Motion for Entry of Default</u>

    Baldi claims that on March 5, 2009, defendant Bateman was
served in hand by an authorized process server, and that she has
not filed any response to the Complaint.  Consequently, he asks
that a default enter against her.

    The United States Attorney has filed a Memorandum in
Opposition to the motion for default, under 28 U.S.C. § 517,
which permits the government to file a response where the
government has an interest.  In the opposition, the government
contends that Baldi failed to comply with Rule 4(i) of the
Federal Rules of Civil Procedure in that he has failed to serve
the United States Attorney's Office, the United States Attorney
General, and the agency, citing Fed. R. Civ. P. 4(i)(2).  The

United States Attorney, for his part, seeks dismissal of the Complaint for failure to make timely service.

Baldi argues that Rule 4(i)(3), and not Rule 4(i)(2), is applicable, and that Rule 4(i)(3) does not require service on the United States Attorney or agency.

Rule 4(i)(3) provides that where an officer or employee of the United States (such as defendant Bateman) is sued in an individual capacity in connection with duties performed on behalf of the United States, "a party must serve the United States and also serve the officer or employee under Rule 4(e)[serving within a judicial district], (f)[serving in a foreign country], or (g)[serving a minor or incompetent person]."  Fed. R. Civ. P. 4(i)(3)(brackets added).  Thus, in order to perfect service, Baldi was required to serve Bateman <u>and</u> to serve the United States.  Under Rule 4(i)(1) service of the United States is made by delivering a copy of the summons and complaint to the United States Attorney for the district where the action is brought ..., or sending a copy by registered or certified mail to the civil process clerk at the United States attorney's office, *see* Fed. R. Civ. P. 4(i)(1)(A)(I) and (ii), and sending a copy of each by registered or certified mail to the United States Attorney General at Washington, D.C., *see* Fed. R. Civ. P. 4(i)(1)(B), and if the action challenges an order of a non-party agency or officer of the United States, by sending a copy of each by registered or certified mail to the agency or officer.  *See* Fed.

R. Civ. P. 4(i)(1)(C).

Here, I find Baldi has not sufficiently demonstrated that he has complied with the requirements of Rule 4(i)(3).  Therefore, I will DENY his Motion for Entry of Default (Docket No. 5).

      C.   <u>The Motion for an Order Compelling U.S. Marshal to Serve Defendants</u>

Baldi seeks an Order pursuant to Fed. R. Civ. P. 4(b)(iii) for the United States Marshal Service on the grounds that only that agency can gain access to the FBI defendants to effect service.  He claims he sent Waiver of Service forms to the defendants, to no avail.

Prompted by Baldi's request for an Order directing service by the United States Marshal, I have conducted a thorough review of the record of this case.  After review of this matter, I find that it would be a waste of judicial resources to grant Baldi's request because this action is wholly frivolous in nature, and *sua sponte* dismissal is warranted.[8]

A district court may dismiss a complaint *sua sponte,* regardless of whether or not payment of the filing fee has been received, where the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption.  *Gonzalez-Gonzalez*

---

[8] I will not dismiss for lack of service because the defendants have not filed any affirmative motion, and the request for dismissal contained in the opposition as to default of Bateman is insufficient.  In any event, I find that dismissal on the merits is the proper resolution of this case.

*v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) if it is "crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," a dismissal *sua sponte* is appropriate) (citations omitted); *cf., Bell v. Hood*, 327 U.S. 678, 682-83 (946)(observing that dismissal for lack of subject-matter jurisdiction may result if the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial and frivolous."). *See*, *Bustos v. Chamberlain*, 2009 WL 2782238, *2 (D.S.C. 2009)(noting that the court has inherent authority "to ensure a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous") *citing*, *inter alia*, *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307-308 (1989); *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995)(where a § 1915 screening was not applicable because a *pro se* party paid the filing fee, the Court still had inherent authority "wholly aside from any statutory warrant" to act *sua sponte*); *and Rolle v. Berkowitz*, 2004 WL 287678, *1 (S.D.N.Y. 2004)(*sua sponte* dismissal in fee-paying pro se case is warranted where the claims presented no arguably meritorious issue to consider). *See also Gaffney v. State Farm Fire and Cas. Co.*, 294 Fed. Appx. 975, 977 (5th Cir. 2008)(unpublished decision stating: "This court has on numerous occasions recognized the inherent authority of a district court to dismiss a complaint on its own motion for failure to state a claim."); *Torres-Alamo v.*

*Puerto Rico*, 502 F.3d 20 (1st Cir. 2007)(discussing court's inherent authority to dismiss for reasons prescribed in Federal Rule of Civil Procedure 41(b)); *Otoki Group, Inc. V. Gibraltar, P.R. Inc.*, 16 Fed. Appx. 3 (1st Cir. 2001).

In this case, I recognize that Baldi's *pro se* pleadings must be construed generously, even though he possesses a law degree. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept.*, 209 F.3d 18, 23 (1st Cir. 2000).  However, even under a generous reading, this action must be dismissed because, as with the prior suit before Judge Zobel, Baldi's Complaint fails to comport with the pleading requirements of Fed. R. Civ. P. 8(a)(2)(requiring a plaintiff to include "a short and plain statement of the claim showing that the pleader is entitled to relief.").

Although he makes generalized allegations of public scandals and unspecified crimes committed against others, he fails to provide any reasonable nexus to his personal grievances.  Baldi merely alleges a violation of a constitutional right by reasserting the allegations of the failure of the defendant FBI agents to prosecute crimes (leading to the alleged elevation of federal and state judges and other officials).  He does not link the action of any FBI agents to any specific deprivation of a constitutional right he claims he suffered as a result.  Further, Baldi makes reference to scandals that occurred over a decade

ago.  He fails to provide any time-frame for the alleged
deprivations to him, and therefore the timeliness of the claims
is questionable.  Moreover, he fails to identify the specific
agents he claims participated in the alleged constitutional
deprivations.  He makes no allegations against court reporter
Bateman that are supported by any underlying facts comprehensibly
alleged, nor can I reasonably infer that there are any non-
frivolous allegations raised against her to support a *Bivens*
claim.

In addition, as noted by Judge Zobel in Baldi's prior suit,
to the extent Baldi seeks to hold FBI officials such as Director
Robert S. Mueller, III liable for the actions of FBI agents, such
claims also fail.  *Respondeat superior* is not a viable theory of
*Bivens* liability.  *Capozzi v. Dep't of Transp.*, 135 F. Supp. 2d
87, 98 (D. Mass. 2001) (citing *Ruiz Rivera*, 209 F.3d at 28).

Finally and most fundamentally, Baldi's assertion that the
FBI agents are personally liable to him because of their failure
to have crimes investigated and prosecuted, his claims are not
plausible because private citizens lack a judicially cognizable
interest in the prosecution or non-prosecution of another.  *See,
e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *accord
Nieves-Ramos v. Gonzalez*, 737 F. Supp. 727, 728 (D. P.R.
1990)(same).  Thus, any asserted consequences that flow from the
failure to investigate or prosecute (such as the alleged
elevation of federal and state judges) do not state cognizable

federal claims upon which relief may be granted.[9]

In short, I find that Baldi's Complaint is wholly frivolous and that no reasonable person could suppose this case to have any merit.  Moreover, because Judge Zobel has previously advised Baldi of the applicable case law with respect to his claims concerning the failure to prosecute, I find that the continued assertion of these claims amounts to vexatious and abusive litigation.

In light of the above, I will dismiss this action *sua sponte*, *with* prejudice and will certify that any appeal of this dismissal would not be taken in good faith.[10]  Baldi is

---

[9] As Judge Zobel noted in her Memorandum and Order, Baldi's factually unsupported claims that federal and state judges are conspirators with the FBI agents do not state plausible claims for deprivation of his constitutional rights.  Mere assertions, without more, are insufficient, and Baldi's use of conclusory terms such as "conspirator" or "conspiracy" are unavailing. While Baldi alleges a vast conspiracy, general allegations of conspiracy to violate civil rights are not sufficient to meet the pleading requirement to assert plausible claims of a conspiracy. Rather, the allegations must set forth what part each defendant had in the alleged conspiracy, *i.e.*, it must set forth the "who did what to whom and why."  *Columbus v. Biggio*, 76 F. Supp. 2d, 43, 52 (D. Mass. 1999) ("Although pleading standards are minimal, the First Circuit requires 'more than conclusions or subjective characterizations.'") *citing Dewey v. University of New Hampshire*, 694 F. 2d 1, 3 (1st Cir. 1982), *cert. denied*, 461 U.S. 944 (1983).  "To present an adequate conspiracy claim, there must be allegations of a common understanding between the conspiring parties."  *Dickinson v. Flanagan*, 893 F.2d 1338 (Table), 1990 WL 1421, *1 (9th Cir. 1990)(unpublished decision)(citation omitted).

[10] Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.*  Similarly, under Fed. R. App. P. 24(a)(3), a party who has been permitted to proceed *in forma pauperis* in the district court may proceed on appeal *in*

prohibited from reasserting any claims that were raised in this action, either indirectly or directly, and failure to comply with this directive may result in the imposition of sanctions, including monetary sanctions and an order enjoining him from further litigation in this Court absent prior permission of a judicial officer.

### III. CONCLUSION AND ORDER

Based on the foregoing, it is hereby Ordered that:

1.   Plaintiff's Motion for Recusal and Motion for Change of Venue (Docket No. 9) is DENIED both as to recusal and as to change of venue;

2.   Plaintiff's Motion for Entry of Default (Docket No. 5) is DENIED;

3.   Plaintiff's Motion for an Order to Compel the United States Marshal to Serve Defendants (Docket No. 6) is DENIED;

4.   This action is DISMISSED *sua sponte* with prejudice;

5.   Plaintiff is prohibited from reasserting any claims that were raised in this action, either indirectly or directly, and failure to comply with this directive may result in the imposition of sanctions, including monetary sanctions and an order enjoining him from further litigation in this Court absent prior permission of a judicial officer; and

---

*forma pauperis* without further authorization, <u>unless</u> the district court certifies that the appeal is not taken in good faith. *Id.* (emphasis added). "[T]he applicant's good faith is established by the presentation of any issue that is not plainly frivolous." *Ellis v. United States*, 356 U.S. 674 (1958) (per curiam); *see also Wooten v. District of Columbia Metropolitan Police Department*, 129 F.3d 206, 208 (D.C. Cir. 1997). A complaint is "frivolous" if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). That is the case here. For the reasons set forth herein, I find that any appeal would not deserve additional judicial attention.

6.    The Court CERTIFIES that any appeal by Plaintiff of the
      dismissal of this action would not be taken in good faith.


SO ORDERED.


                              _/s/ Douglas P. Woodlock_____
                              DOUGLAS P. WOODLOCK
                              UNITED STATES DISTRICT JUDGE